UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-60383-CR-Cohn/Matthewman

UNITED STATES OF AMERICA,

v.

MARCO IAN ALMEIDA-BARRETO,

Defendant.
_____/

FILED BY____KJZ____D.C.

May 14, 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

**BOND REVOCATION AND DETENTION ORDER**

The Defendant, Marco Ian Almeida-Barreto, appeared before the Court on May 8, 2020 via Zoom Video Teleconference ("VTC") for a hearing on the Petition for Action on Conditions of Pretrial Release [DEs 27, 29] filed by the U.S. Probation Office. The Court previously issued a warrant for the Defendant's arrest based upon the allegations of the U.S. Probation Office. At the conclusion of the hearing, the Court orally ordered that Defendant's bond be revoked and that he be detained pretrial, for the reasons stated on the record. This written order follows.

**I.   Background**

On December 19, 2019, Defendant was charged by Indictment with one count of being a felon in possession of a firearm in violation of 18 U.S.C. section 922(g)(1). [DE 15]. On December 15, 2019, Defendant was released on a $250,000 personal surety bond by the undersigned. The undersigned ordered that Defendant's terms of release would include all of the standard conditions, including the condition that Defendant "shall not commit any act in violation of state or federal laws." [DE 11].

On April 29, 2020, a Petition for Action on Conditions of Pretrial Release ("Petition") [DEs

1

27, 29] was filed, alleging that Defendant had violated a mandatory condition of his pretrial release. Specifically, the Petition alleged that Defendant was arrested by Lighthouse Point Police Department officers for one count of Battery (Domestic) (Fla. Stat. 784.03) and one count of Resisting Arrest without Violence (Fla. Stat. 843.02) on April 24, 2020. [DEs 27, 29].

## II.  Summary of Hearing

The May 8, 2020 bond revocation hearing was held by Zoom video conference with all parties appearing remotely. Defendant and his counsel waived Defendant's physical appearance in the courtroom and Defendant and his counsel appeared by VTC. The Court found the hearing could not be further delayed without serious harm to the interests of justice. The Court approved Defendant's waiver of personal presence in the courtroom and found Defendant's consent to appear by VTC to be knowing and voluntary and with the advice of very competent counsel.

At the hearing, the Court took judicial notice of the Petition, the probation office memorandum, and the arrest report. The Court also heard the testimony of U.S. Probation Officer Amanda Peters, the testimony of Defendant, the testimony of Defendant's Mother, Rita Oliveira, the Government's proffer, and the positions of defense counsel and Government counsel. The Government's proffer and the testimony of U.S. Probation Officer Amanda Peters established that Defendant violated the conditions of his bond by engaging in conduct which violated state law. The testimony, evidence, and proffer also established that there was probable cause that Defendant committed two state of Florida misdemeanor crimes while on release.

Officer Peters recommended that Defendant be detained. She recounted the factual circumstances alleged to have occurred on April 24, 2020, including Defendant allegedly pushing his mother, standing up or reaching through a metal slot in the jail door, and disobeying commands

to get down. According to Officer Peters, Defendant has nowhere to live other than at his mother's house, which would not be ideal because the police have been dispatched there numerous times, and Defendant has been arrested for domestic battery on his mother. Defendant has no employment, so it is unlikely that he would be able to live somewhere else.

According to Defendant, the battery charge stemmed from a misunderstanding with his neighbor, and the resisting arrest charge stemmed from an asthma attack he suffered in jail. Defendant's mother, Rita Oliveira, testified that Defendant did not hit or push her on April 24, 2020, but rather that she fell on her own which prompted her neighbor to call the police, and that she loves her son very much.

### III. Analysis

Pursuant to 18 U.S.C. § 3148, "[a] person who has been released under section 3142 of this title, and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court." 18 U.S.C. § 3148(a). Section 3148 further provides that the Court

> shall enter an order of revocation and detention if, after a hearing, the judicial officer finds that there is…probable cause to believe that the person has committed a federal, state or local crime on release or clear and convincing evidence that the person has violated any other condition of release; and finds that…based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure the person will not flee or pose a danger to the safety of any other person or the community or the person is unlikely to abide by any condition or combination of conditions of release.

18 U.S.C. § 3148(b)(1)-(b)(2)(B); *United States v. Wingo*, 490 Fed. Appx. 189, 190-91 (11th Cir. 2012); *United States v. Molina*, 15-80222-CR-Marra/Matthewman, 2016 WL 2344577 (S.D. Fla. May 3, 2016); *United States v. Abovyan*, 18-80122-CR-Middlebrooks, 2018 WL 4203687 (S.D. Fla. Aug. 31, 2018). Additionally, in a case where "there is probable cause to believe that, while

on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any person or the community." 18 U.S.C. § 3148(b)(2). This case does not involve a felony, so the rebuttable presumption does not apply.

The Court finds that the above law and facts require the revocation of Defendant's bond and his pretrial detention. Based upon the evidence presented at the hearing, the proffer from the Government, the testimony of Probation Officer Peters and the testimony of Defendant and his mother, counsel's arguments, and the Court's review of the file, and as stated on the record on May 8, 2020, the Court finds that there is probable cause to believe that Defendant committed two State misdemeanor crimes.

First, there is probable cause to find that Defendant committed battery in violation of Fla. Stat. 784.03. Under Florida law, the offense of battery occurs "when a person [] actually and intentionally touches or strikes another person against the will of the other; or [] intentionally causes bodily harm to another person." *Id*. In this case, Officer Peters testified that Defendant intentionally pushed his mother, causing her bodily harm to her back, which resulted in loud screaming which prompted a neighbor to call the police. Second, there is probable cause to find that Defendant committed resisting arrest without violence in violation of Fla. Stat. 843.02. Under Florida law, "whoever shall resist, obstruct, or oppose any officer [] without offering or doing violence to the person of the officer, shall be guilty of [resisting arrest]." *Id*. In this case, Officer Peters testified that Defendant stood up on a metal slot in the door to his jail cell, disrupting jail operations, and then disregarded an officer's commands to get down. The police report also alleges Defendant's behavior at the police station. As a result of Officer Peters' credible testimony, and

4

the other documents reviewed by the Court, the Court finds that there is probable cause to believe that Defendant committed both listed offenses.[1]

The Court also finds by clear and convincing evidence that, based on the factors set forth in 18 U.S.C. §3142(g), there is no condition or combination of conditions of release that will assure that Defendant will not flee or pose a danger to the safety of any other person or the community. Further, the Court finds that Defendant is unlikely to abide by any condition or combination of conditions of release. The Defendant had also been released on bond on a state Grand Theft (Auto) case when this incident occurred, which adds to the Court's concerns. The Court simply does not trust the Defendant to comply with any conditions of release set by the Court. Therefore, the Court orders that Defendant's bond be revoked pursuant to 18 U.S.C. § 3148. Further, Defendant is ordered detained pursuant to section 3148 and the Bail Reform Act.

Accordingly, it is hereby **ORDERED** that Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Court directs that Defendant be afforded reasonable opportunity for private consultation with counsel; and the Court directs that, on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is confined deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

---

[1] In light of the Court's finding of probable cause under 18 U.S.C. § 3148(b)(1)(A), the Court declines to make a finding under 18 U.S.C. § 3148(b)(1)(B) as to whether there exists clear and convincing evidence that Defendant has violated any other condition of release, as such a finding is unnecessary. However, the Court reserves jurisdiction to make a finding under 18 U.S.C. § 3148(b)(1)(B) if it becomes necessary in the future. If a determination under 18 U.S.C. § 3148(b)(1)(B) becomes necessary in the future, the Court will re-open the hearing to allow the parties to present whatever additional relevant evidence, testimony, or proffer they wish to present.

**DONE** and **ORDERED** in Chambers at West Palm Beach in the Southern District of Florida, this 14th day of May, 2020.

_____
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE